UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, | ) | |
| ARCHITECTURAL METAL | ) | |
| AND GLASS WORKERS LOCAL | ) | |
| UNION NO. 27 WELFARE AND | ) | |
| PENSION FUNDS, | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 903 |
| | ) | |
| vs. | ) | |
| | ) | |
| AFFORDABLE GLASS & MIRROR, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds ("the Funds") for summary judgment in its favor. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Defendant Affordable Glass & Mirror, Inc. ("Affordable"), is an Illinois corporation located in Park Ridge, Illinois. It was formed in 1996 by its president, sole shareholder, and sole employee, Robert Strom. Affordable Glass installs shower doors and mirrors. On May 16, 2003, Affordable assigned its bargaining rights to the

Association of Glazing Contractors ("Association") and agreed to be bound by the terms of the Association's contract with Glaziers, Architectural Metal and Glass Workers Local Union No. 27 ("Local 27") and the International Union of Painters and Allied Trades ("the International"), Painters District Council #14 (collectively referred to herein as "the Union"). Article 20 of the collective bargaining agreement ("CBA") in effect between the Association and the Union from June 1, 2006, to May 31, 2009, provided that employers were required to make specified contributions to the Funds. Ex. 3 to Pl.'s Ex. 5, Art. 20. For persons performing bargaining unit work, the contribution was calculated based on number of hours worked. *Id.* Contributions were also required for employee/owners, partial owners, direct relatives, husbands, wives, brothers, sisters, sons, or daughters "performing work of a type included or not included within the jurisdiction of [the contract], including but not limited to supervision, general management,...clerical or maintenance work" for a minimum of 160 hours a month. *Id.*

In February 2007, the Funds filed the instant suit, seeking an audit and judgment for any deficiencies found during the audit. The complaint also requested liquidated damages, costs, and attorneys' fees. A few months later, a compliance audit was conducted of Affordable's records for the period of January 1, 2004, through March 31, 2007. The audit materials submitted by the parties are not clear as to the findings for that time period. The affidavit of the auditor states that the audit report found arrears

owing to the Funds in the amount of $1,568 in benefits, $235.20 in liquidated damages, and $340.00 in audit costs. However, the itemization yielding the arrearage amount indicates that the contributions at issue were to be made to the International, not to the Funds as the auditor's affidavit indicates.

The affidavit also contends that the liquidated damages of $5,209.31 were owed for past late contributions. By contrast, Section O of the audit fact sheet, which calls for the auditor's findings and a brief description of any delinquency, the auditor states that no delinquency was found to "Glaziers Local 27" for the period of January 1, 2004, through March 31, 2007.

The audit papers conclude with another itemization, for the period spanning April 1 to December 31, 2007. This document indicates that it tracks amounts due to the Funds, and the components of the calculations correspond to those set forth in the CBA for contributions to be made to the Funds. The sum of the unpaid contributions is $20,311.00, with additional liquidated damages of $3,046.65 (15% of the unpaid $20,311), for a total amount of $23,357.65 due to the Funds.

In August 2007, the International returned $43,192 in contributions to Affordable. The contributions, made on Strom's behalf, were designated "ineligible," though that term is not explained in the letter accompanying the refund.

The CBA provided that it would "continue in full force and effect from June 1, 2006 through May 31, 2009...unless either party shall desire to change any of the terms herein, in which case a written notice must be served to the other party not less than sixty (60) days...prior to the expiration date." Ex. 3 to Pl.'s Ex. 5, Art. 27. According to the affidavit of Mike Mabus, a trustee of the Funds since 1995 and the business manager of Local 27 since 2004, the CBA was terminated as to Affordable on December 31, 2007.

In June 2008, the Funds moved for summary judgment in its favor against Affordable on the February 2007 complaint.[1]

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific

_____

[1]Though the total of all the amounts is $30,710.16, the motion for summary judgment requests $25,500.59. It is unclear how the Funds arrived at the latter amount.

citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Affordable has not responded to the motion for summary judgment despite having an opportunity to do so. Moreover, no attorney has filed an appearance on behalf of the corporation. Affordable's president, Strom, has participated in the suit and has operated under the assumption that he and the corporation are one and the same. This assumption is erroneous. A corporation is a legal entity separate from its officers or shareholders, even if there is only one person holding any of those positions. *See, e.g.*, *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976). Even if there is and has never been any other person involved in operating Affordable, the law recognizes the corporation as a separate legal being. It is for this same reason that Strom is treated as the employee/owner of Affordable, his employer; he is incorrect in the assertions made during the course of the litigation that

Affordable had no employees or that he was self-employed. In the eyes of the law, Affordable was the employer of one employee: Strom.

At different points of the litigation, Strom has indicated that Affordable is not bound to the terms of the CBA because of an oral agreement he had with a general contractor for whom he did work. It is well settled that oral understandings between even the parties to a CBA cannot contradict the terms of the written agreement. *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1154 (7th Cir. 1989). The CBA unequivocally binds a signatory to make contributions to the Funds as set out in the agreement. Having agreed to be bound by the terms of the contract negotiated and signed by the Association, Affordable cannot now assert that a side agreement with a third party eliminates its obligations under the CBA. *Id.*

Affordable has also taken the position that its interactions with the International foreclose the Funds from pursuing any action against it. However, as is the case with Strom and Affordable, the law does not view the International and the Funds as one and the same. The obligations to one are not dependent on the obligations to the other; Affordable's obligation to make contributions to the Funds continued as long as the CBA was in effect. Since the agreement was not terminated until December 31, 2007, Affordable's contractual duty to make contributions did not stop until that date.

Thus, Affordable's liability to make contributions is established on this record. An award of damages in the amount the Funds have requested, however, is not. As discussed above, the audit papers do not permit a conclusion as a matter of law that Affordable was delinquent in its contributions for the period preceding March 31, 2007. The $2,143.20 highlighted in the auditor's affidavit for that time is an amount due to the International, not the Funds. Since the Funds and the International are separate, as described above, the Funds cannot seek recovery of amounts that were allegedly due to the International, particularly in light of the later determination by the International to refund contributions Affordable had previously made to it. The $5,209.31 claimed to be due to the Funds cannot be reconciled with the notation in the audit fact sheet stating that no delinquency was found with respect to "Glazier Local 27." Even though this motion is unopposed, this conflicting presentation prevents a conclusion that the Funds are due that amount as a matter of law, rendering summary judgment unwarranted for that aspect of the case.

With regard to the $20,311 in contributions for April to December 2007, the record reflects that Strom, the employee/owner, was performing managerial duties for Affordable during that time. Without a response from Affordable setting forth evidence to dispute the premise that he was acting in that capacity for all nine months, the only available conclusion is that Affordable was required to make contributions for Strom

for a minimum of 160 hours for each of those months. The calculations provided by the Funds that yield the $20,311 amount employ those figures, so the Funds are entitled to judgment as a matter of law in their favor on that amount as well as the 15% liquidated damages provided for in the CBA for late contributions.

## CONCLUSION

The motion for summary judgment of the Funds is granted in part and denied in part as discussed herein. Affordable is ordered to pay $23,357.65 to the Funds.

Charles P. Kocoras
United States District Judge

Dated:  November 14, 2008